IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BETTYE ANN CRAYTON,         *
    Plaintiff,         *
vs.                          *
                                 CASE NO. 4:18-CV-154 (CDL)
DOLLAR TREE STORES, INC.,    *
    Defendant.         *

O R D E R

Presently pending before the Court are five motions to compel and a motion to amend the scheduling order. As discussed below, the motions to compel (ECF Nos. 6, 7, 8, 9, and 11) are granted, though the Court declines to impose sanctions. The motion to amend the scheduling order (ECF No. 14) is granted.

I. **Motions to Compel**

Defendant issued subpoenas to Plaintiff's medical providers, who are not parties in this action, seeking production of records and bills related to Plaintiff's treatment for the injuries she alleges were caused by Defendant's negligence: (1) St. Francis Spine Center, (2) St. Francis Physician Practices, LLC, (3) Southeast Emergency Group, LLC, (4) Georgia Radiology Imaging Consultants, LLC, and (5) St. Francis Hospital. It is not clear from the present record whether Plaintiff signed an authorization permitting the release

of her medical records to Defendant.  Plaintiff did not oppose the motions to compel or seek to quash the subpoenas, so the Court presumes that she does not object to the production of her medical records in response to the subpoenas.  These records are clearly relevant to Plaintiff's claims, and Defendants are entitled to receive them.  Accordingly, Defendant's motions to compel are granted (ECF No. 6 - St. Francis Spine Center; ECF No. 7 - St. Francis Physician Practices, LLC; ECF No. 8 - Southeast Emergency Group, LLC; ECF No. 9 - Georgia Radiology Imaging Consultants, LLC; ECF No. 11 - St. Francis Hospital). The medical providers shall produce the materials requested by the subpoenas on or before January 4, 2019.

The Court finds that sanctions are not appropriate at this time.  Even if Plaintiff's medical providers were served in accordance with Rule 45,[1]  the Court is not convinced that simply having a paralegal send a single discovery dispute follow-up letter to a medical provider's records department is an adequate good faith effort to obtain the records without court action. Under these circumstances, the Court denies Defendant's requests for sanctions.

---

[1] Defendant submitted a document entitled "affidavit of service" for St. Francis Hospital, but the affidavit does not address service. Rather, it states that Defendant's attorney attempted in good faith to confer with St. Francis Hospital before filing a motion to compel by having her paralegal send a discovery dispute letter to the hospital's medical records department. *E.g.*, Dorsey Aff. ¶ 3, ECF No. 11-3.

2

**II. Motion to Amend Scheduling Order**

The parties requested an extension of discovery to accommodate (1) the scheduling of additional depositions, (2) other work obligations of counsel, and (3) the holiday season. The Court finds that discovery should be extended to accommodate the remaining depositions and discovery of Plaintiff's medical records. The scheduling order (ECF No. 5) is amended as follows:

- Defendant's expert disclosures are due by January 16, 2019.

- Defendant's experts shall be available for deposition on or before February 15, 2019.

- Discovery to be complete by March 25, 2019.

- Dispositive motions due by April 25, 2019.


IT IS SO ORDERED, this 13th day of December, 2018.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
